UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHAEL KISTNER,**

    **Plaintiff,**

vs.   Case No.: 3:25-cv-01253

**T.K. WATERS**, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida; **B.T. DENTON**, Individually; and **ADNAN RESIDOVIC**, Individually.

    **Defendants.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Kistner, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as claims under Florida law.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §1331 and 1343, as to the federal claims herein. The Court has supplemental jurisdiction as to the state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Michael Kistner, is a resident of Jacksonville, Duval County, Florida and a citizen of the United States.

5. Defendant, B.T. Denton, was, at all times relevant to this cause, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this cause, Defendant Denton acted in conformity with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under the color of state law.

6. Defendant, Adnan Residovic was, at all times relevant to this cause, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this cause, Defendant Residovic acted in conformity with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under the color of state law.

7. Defendant T.K. Waters, in his official capacity as Sheriff of the City of Jacksonville, Florida, was at all times relevant, responsible for the supervision, training, instruction, discipline, control, and conduct of police officers of the Jacksonville Sheriff's Office ("JSO") and made policy for JSO with respect to seizures, searches, arrests, and use of force. At all times relevant, Defendant Waters had the power, right, and duty to train and control his officers, agents, and employees (including Defendants Denton and Residovic) to conform to the Constitution of the

United States and to ensure that all orders, rules, instructions, and regulations promulgated for JSO were consistent with the Constitution of the United States. At all times relevant, Sheriff Waters's agents and employees acted under color of state law.

## FACTUAL ALLEGATIONS

8. On February 1, 2025, Mr. Kistner and his wife were out at a local establishment located near the 4300-6300 block of Lakeside Drive, Jacksonville, Florida 32210.

9. While at the establishment, they received an alert from their vehicle that it was being moved.

10. The couple rushed out to find their vehicle being towed by a local towing company on the JSO tow rotation.

11. Mr. Kistner inquired of the two JSO officers who were nearby, Defendants Denton and Residovic, as to what was going on.

12. Mr. Kistner was informed by Defendants that his vehicle was allegedly blocking a sidewalk.

13. After a brief interaction with Defendants, Mr. Kistner was grabbed by both Defendants and slammed to the ground.

14. During the incident, Defendant Denton punched Mr. Kistner in the face several times.

15. Mr. Kistner was fully compliant with Defendants both before and after the take down, but nevertheless was arrested by Defendants without probable cause or even arguable probable cause for resisting an officer without violence, disorderly intoxication, and having an open container in violation of city ordinance.

16. Indeed, Mr. Kistner never resisted Defendants, was not intoxicated nor showed signs of intoxication, and did not consume alcohol on public property or in the presence of Defendants.

17. On March 4, 2025, the State Attorney's Office dropped the charges against Mr. Kistner.

### COUNT I
### 42 U.S.C. § 1983
### UNREASONABLE SEARCH AND SEIZURE: FALSE ARREST
**(Defendants Denton and Residovic)**

18. Paragraphs 1 through 17 above are realleged and incorporated by reference herein.

19. Defendants Denton and Residovic arrested Plaintiff without probable cause or even arguable probable cause.

20. The seizure of Plaintiff by Defendants Denton and Residovic constitutes an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

21. The acts and omissions above were undertaken by Defendants Denton and Residovic with willful, wanton, callous, and knowing disregard for the clearly

established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

22. As a direct and proximate result of the unreasonable seizure affected by Defendants Denton and Residovic, Plaintiff suffered damages, including, but not limited to, the cost of defending the associated criminal action, loss of liberty, injury to reputation, humiliation, severe pain and suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE Plaintiff, Michael Kistner, demands judgment against Defendants Denton and Residovic, individually, for:

(a)   actual and compensatory damages;

(b)   punitive damages;

(c)   an award of attorney's fees and costs; and

(d)   any other relief this Court deems just and proper.

## COUNT II
## 42 U.S.C. § 1983
## UNREASONABLE SEARCH AND SEIZURE: EXCESSIVE FORCE
**(Defendants Denton and Residovic)**

23. Paragraphs 1 through 17 above are realleged and incorporated by reference herein.

24. Defendants Denton's and Residovic's actions in seizing and beating Plaintiff constituted an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

25. The acts and omissions above were undertaken with Defendants Denton's and Residovic's willful, wanton, callous, and knowing disregard for the clearly established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

26. As a direct and proximate result of the unreasonable seizure carried about by Defendants Denton and Residovic, Plaintiff suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff, Michael Kistner, demands judgment against Defendants Denton and Residovic, individually, for:

(a) actual and compensatory damages;

(b) punitive damages;

(c) an award of attorney's fees and costs; and

(d) any other relief this Court deems just and proper.

## COUNT III
## STATE LAW CLAIM: FALSE IMPRISONMENT
**(Defendant Waters)**

27. Paragraphs 1 through 17 above are realleged and incorporated by reference herein.

28. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2024) and §§112.201- 112.205, Jacksonville Ordinance Code.

29. Employees of the Jacksonville Sheriff's Office unlawfully restrained Plaintiff against his will under circumstances where such detention was unreasonable and unwarranted.

30. As a result of the false imprisonment, Plaintiff has suffered loss of liberty, monetary loss of earnings, injury to reputation, humiliation, and severe emotional and psychological distress.

WHEREFORE, Plaintiff, Michael Kistner, demands judgment against Sheriff Waters in his official capacity as Sheriff of the City of Jacksonville, Florida for:

(a)  actual and compensatory damages;

(b)  costs; and

(c)  any other relief this Court deems just and proper.

## COUNT IV
## STATE LAW CLAIM: BATTERY
### (Defendant Sheriff Waters)

31. Paragraphs 1 through 17 above are realleged and incorporated by reference herein.

7

32. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2024) and §§112.201-112.205, Jacksonville Ordinance Code.

33. Defendants Denton and Residovic, officer employees of the Jacksonville Sheriff's Office, actually and intentionally struck Plaintiff against his will, without legal justification.

34. Sheriff Waters, having given his officers the authority to use force against Plaintiff, is liable for abuse of such authority.

35. Plaintiff, as a result of Defendants Denton and Residovic's battery and abuse of their authority, suffered severe pain and suffering, physical injuries, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Michael Kistner, demands judgments against Sheriff Waters in his official capacity as Sheriff for the City of Jacksonville, for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Kistner, hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Bryan E. DeMaggio
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus, & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF